UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

VESTER MILLS #208720,

    Plaintiff,

v

PATRICIA CARUSO, *et al*

    Defendant.

NO. 1:09-cv-249

Hon. Robert Holmes Bell
Mag. Joseph G. Scoville

| Carl J. Marlinga (P17102) | Clifton Schneider (P70582) |
|---|---|
| Ryan Hugh Machasic (P70251) | Assistant Attorney General |
| MARLINGA LAW GROUP, PLLC | *Attorney for Deft Caruso* |
| Attorney for Plaintiff | Corrections Division |
| 43550 Elizabeth Road | P.O. Box 30217 |
| Clinton Township, Michigan 48036 | Lansing, MI 48909 |
| 586-468-1783 | (517) 335-7021 |

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

    Michael A. Cox
    Attorney General

    *s/ Clifton Schneider*
    CLIFTON SCHNEIDER (P70582)
    Assistant Attorney General
    Corrections Division
    PO Box 30217
    Lansing, MI 48909
    Email: schneiderC1@michigan.gov
    (517) 335-7021

Date: September 29, 2009
    [P70582]

# CONCISE STATEMENT OF ISSUES PRESENTED

I. **The defendant has filed a motion for summary judgment arguing that the plaintiff has failed to state a claim and also claiming qualified immunity. Should the court stay discovery and deny the plaintiff's motion to compel?**

**Defendants' answer:** Yes
**Plaintiff's answer:** No

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Chavous v DC Fin Responsibility & Mgmt Assistance Authority,* 201 FRD 1, 2 (D DC, 2001). "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Chavous v DC Fin Responsibility & Mgmt Assistance Authority,* 201 FRD 1, at 2.

It is appropriate to raise the defense of qualified immunity in a motion for summary judgment, and the Court must evaluate that defense in conjunction with the standard for summary judgment motions. *Saucier v Katz,* 533 US 194; 150 L Ed 2d 272; 121 S Ct 2151(2001); *Skousen v Brighton High School,* 305 F 3d 520, 527 (CA 6, 2002); *see also Wallin v Norman,* 317 F3d 558 (CA 6, 2003).

Fed R Civ P 26(d) requires that a discovery conference be scheduled before Rule 26(a) initial disclosures must be made, except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B). Rule 26(c) allows the Court to stay discovery "to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense."

## STATEMENT OF THE FACTS

This is a prisoner civil rights action. The plaintiff alleges that he's been retaliated against by prison staff for pursuing another lawsuit. [Complaint, D/E #1]. The form of the alleged retaliation is as follows: cancellation of special medical accommodations; prison transfers; reclassification from level II to level IV; placement in "solitary confinement" on a pretext misconduct ticket; denial of a visit; creation of false rumors regarding the plaintiff's affiliation with the Aryan Nation; and overmedication.

Defendant Caruso filed a motion for summary judgment on June 23, 2009, arguing that the plaintiff had failed to state a claim against her, that the plaintiff failed to exhaust his administrative remedies, and that the defendant was entitled to qualified immunity. [D/E #7, 8]. Concurrent with his response to that motion, the plaintiff served requests for production, requests for admission, and interrogatories on the defendant. [Discovery Requests, Exhibit A to D/E #15]. On August 5, 2009, the defendant filed a motion to stay discovery pending the Court's ruling on the motion for summary judgment. [D/E #14, 15]. The plaintiff did not respond to the defendant's motion, but on September 15, 2009, the plaintiff filed a motion to compel discovery. [D/E #17].

## ARGUMENT

**I.     The defendant's motion to stay discovery should be granted, and the plaintiff's motion to compel discovery should be denied.**

The plaintiff's brief in support of his motion to compel discovery reads in its entirety as follows: "In support of his motion, the Plaintiff relies on FRCP 33, 34, and 37." [D/E #17, page 3]. The plaintiff does not attempt to explain why any of the requested material is necessary to respond to the defendant's motion for summary judgment. Thus far, the plaintiff has made nothing more than conclusory accusations against the defendant with no evidence to support

1

those claims and no indication given that he has any legitimate reason to believe that the defendant committed any wrong against him.

In his one-line brief in support of his motion, the plaintiff makes no argument regarding any of the specific discovery requests. In her motion for summary judgment, the defendant argued that the plaintiff should have collected and reviewed the documents available to him before filing this suit. [D/E #8]. The same reasoning applies here with regard to the plaintiff's Request for Production of Documents numbers 1, 2, and 6, as well as the plaintiff's Interrogatories to Defendant numbers 1(a-d): the plaintiff has access to his own medical records and grievances. [*See* Exhibit B to D/E #17]. The plaintiff's motion should therefore be denied as to those requests.

The plaintiff's other discovery requests (Request for Production of Documents numbers 3, 4, and 5 and the Interrogatories to Defendant numbers 2, 3, 4, 5, 6, and 7) are merely the plaintiff's attempt to engage in a fishing expedition in the hopes of finding some evidence that will support some claim against the defendant. Without even a reason to believe that such evidence exists, the plaintiff's discovery requests are inappropriate, and the plaintiff's motion to compel should be denied. The defendant relies also on the reasoning and law laid out in her motion to stay discovery. [*See* D/E #15].

## CONCLUSION AND RELIEF SOUGHT

Defendant Caruso respectfully requests that the Court deny the plaintiff's motion to compel discovery (D/E #17).

                                                Respectfully submitted,

                                                Michael A. Cox
                                                Attorney General

*s/ Clifton Schneider*
CLIFTON SCHNEIDER (P70582)
Assistant Attorney General
Corrections Division
PO Box 30217
Lansing, MI 48909
Email: schneiderC1@michigan.gov
(517) 335-7021

Date: September 29, 2009                                           [P70582]
Schneider/response to mot compel 20090019554A

---

**PROOF OF SERVICE**

I hereby certify that on September 29, 2009, the foregoing paper was presented and uploaded to the United States District Court ECF System which will send notification of such filing to the attorneys of record listed herein.

                                                */s/Clifton B. Schneider (P70582)*
                                                Assistant Attorney General
                                                Attorney for Defendants