UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| VESTER MILLS, # 208720, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09-cv-249 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PATRICIA CARUSO, et al., ) | **MEMORANDUM OPINION** |
| ) | |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner through counsel under 42 U.S.C. § 1983. The matter is before the court on three motions by defendant Patricia Caruso and one motion by plaintiff. Upon review, defendant's motion for a stay of discovery (docket # 14) will be granted, plaintiff's motion to compel discovery (docket # 17) will be denied, defendant's motion to strike plaintiff's first amended complaint (docket # 20) will be denied, and defendant's motion for summary judgment (docket # 7) will be dismissed without prejudice.

 1. **Motion for a Stay of Discovery and Motion to Compel**

Defendant Caruso claims entitlement to qualified immunity. Qualified immunity is immunity from suit rather than a mere defense to liability. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *Everson v. Leis*, 556 F.3d 484, 490-91 (6th Cir. 2009); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002). Until the threshold immunity question is resolved, discovery should not be allowed. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Skousen*, 305 F.3d at 526.

Defendant Caruso is entitled to a stay of discovery. Plaintiff has not established grounds for relief from any portion of the stay. (docket # 17). Accordingly, defendant's motion for a stay of discovery will be granted and plaintiff's motion to compel discovery will be denied.

      **2.**      <u>**Motion for Summary Judgment**</u>

The procedural posture of defendant's motion for summary judgment is so deficient that the motion must be dismissed. On June 23, 2009, defendant Caruso filed a "motion for summary judgment" based on "Fed R Civ P 56(b), the Prison Litigation Reform Act, and the other grounds set forth in defendant's accompanying brief." (docket # 7). The court and opposing counsel cannot be expected to rummage through defendant's brief in the hope of discovering the basis for her motion. Examination of defendant's brief shows that it is a hybrid presentation that sets forth, in a confusing way, elements of a Rule 12(b)(6) motion and a summary judgment motion.

Defendant's brief (docket #8) requests dismissal of plaintiff's complaint for "failure to state a claim" (*Id.* at 3-4), but she never engages the allegations of the complaint in order to show that it fails to allege a plausible claim for relief against her.[1] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The one place in defendant's brief where she mentions Rule 12(b)(6) (Def. Brief at 6) is precisely where the court could not apply it without committing reversible error. Defendant's motion relies on evidence outside the pleadings to support her argument that plaintiff had not properly exhausted his available remedies as required by 42 U.S.C. § 1997e(a). (*Id.* at 6). Generally the court cannot consider exhibits when ruling on a 12(b)(6) motion because such motions are addressed to the adequacy of the plaintiff's complaint.

---

[1] Inexplicably, defendant refers to an indulgent standard for *pro se* pleadings. (*Id.* at 3). Plaintiff's complaint and first amended complaint were drafted by his attorney.

*See Max Arnold & Sons, LLC v. W. L. Hailey & Co.*, 452 F.3d 494, 502-03 (6th Cir. 2006) (*en banc*); *accord Gunasekera v. Irwin*, 551 F.3d 461, 466 n.1 (6th Cir. 2009). Plaintiff repeats the same mistake in her reply brief where she relies on an affidavit (docket # 13, Ex. A) in support of her argument that plaintiff's complaint fails to state a claim. Further, it was inappropriate for defendant to wait until her reply brief to attempt to recast her motion for summary judgment as a Rule 12(b)(6) motion.[2] It is well established that a reply brief is not the proper place to raise new arguments. *See United States v. Carson*, 560 F.3d 566, 587 (6th Cir. 2009); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *see also Travelers Prop. Cas. Ins. Co. v. Hillerich & Bradsby Co.*, Nos. 09-5133, 5136, 2010 WL 841275, at * 15 (6th Cir. Mar. 12, 2010). A reply brief is the defendant's opportunity to respond to arguments raised for the first time in the plaintiff's brief. A defendant cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of defendant's arguments. *Scottsdale*, 513 F.3d at 553.

To the extent that defendant's motion can be deemed a motion for summary judgment, it is defective because it relies on an unauthenticated exhibit. (docket # 8, Ex. B, Grievance Inquiry Screen). The court cannot consider exhibits that are not properly authenticated in the summary judgment context. *See* FED. R. CIV. P. 56(e); *Moore v. Holbrook*, 2 F.3d 697, 698-99 (6th Cir. 1993); *see also Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 448 (6th Cir. 2008).

---

[2]The Supreme Court entered its decision in *Ashcroft v. Iqbal* on May 18, 2009, more than a month before defendant filed her motion for summary judgment.

Plaintiff's response (docket # 11) is equally flawed. Plaintiff's attorney offered his own affidavit as evidence supporting plaintiff's claims. (*Id.*, Ex. 2). Attorney Carl Marlinga attempted, without success, to straddle the roles of plaintiff's attorney and a fact witness. Rule 3.7(a) of the Michigan Rules of Professional Conduct states: "A lawyer shall not act as an advocate at trial in which the lawyer is likely to be a necessary witness . . . ." Although this case has not yet reached trial, the standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Plaintiff has not cited, and the court has been unable to locate, any legal authority that would permit Attorney Marlinga to submit evidence via an affidavit in an attempt to create a genuine issue of fact for trial, when under Rule 3.7 of the Michigan Rules of Professional Conduct he would not be available at trial as a witness. Counsel cannot have it both ways. The proffered affidavit must be disregarded as incompetent evidence.

Further, Attorney Marlinga argues that the court "cannot and should not find that Defendant Caruso is entitled to qualified immunity until facts have been established through discovery that would entitle her to such immunity." (Plf. Brief at 11). This is patently incorrect. Qualified immunity is immunity from suit rather than a mere defense to liability. *See Siegert*, 500 U.S. at 233; *Skousen*, 305 F.3d at 526. Until the threshold immunity question is resolved, discovery should not be allowed. *See Harlow*, 457 U.S. at 818; *Skousen*, 305 F.3d at 526.

Plaintiff's filing of his first amended complaint reinforces the court's decision to dismiss defendant's motion for summary judgment. Defendant's motion is no longer directed

against plaintiff's operative pleading. Plaintiff's first amended complaint superseded his initial complaint, and rendered the initial complaint a nullity. *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008).

### 3. Motion to Strike Plaintiff's First Amended Complaint

On February 3, 2010, plaintiff filed his first amended complaint. (docket # 19). Defendant Caruso filed this response:

> On June 23, 2009, the defendant filed a motion for summary judgment and to dismiss for failure to state a claim. [D/E #7, 8, 13]. On February 3, 2010, the plaintiff filed a first amended complaint. [D/E #19]. On December 1, 2009, a revision to Federal Rules of Civil Procedure 15 went into effect. Under the new rule, a plaintiff may amend a pleading as a matter of course only within 21 days of service of a responsive pleading or motion under Rule 12(b). Therefore, the plaintiff had, at the latest, 21 days from the date of the rule amendment to file an amended complaint as a matter of course. The plaintiff failed to do so, and the proposed amended complaint should be stricken.

(docket # 20). The last sentence of defendant's response was docketed as a motion to strike plaintiff's first amended complaint. (docket # 20).

The 2009 Amendments to Rule 15 of the Federal Rules of Civil Procedure went into effect on December 1, 2009. Rule 15(a)(1)(B) states that a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[3] *or 21 days after service of a motion under Rule 12(b)*, (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B) (emphasis added). The commentary to the 2009 amendments makes clear that Rule 15 was revised to terminate the right to amend after service of a Rule 12(b) motion because it forces the pleader to consider carefully and promptly the wisdom of

---

[3]Defendant's motion for summary judgment is not a responsive pleading. *See In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103-04 (2d Cir. 2008).

amending to meet the arguments of the motion. Defendant's attempt to recast her motion for summary judgment as a Rule 12(b)(6) motion is ineffectual. This is one of the many reasons that this court disfavors hybrid motions. Under Rule 15(a)(1)(B), plaintiff was permitted to file his first amended complaint without leave of court.

## **Conclusion**

For the reasons set forth herein, defendant's motion for a stay of discovery (docket # 14) will be granted, plaintiff's motion to compel discovery (docket # 17) will be denied, defendant's motion to strike plaintiff's first amended complaint (docket # 20) will be denied, and defendant's motion for summary judgment (docket # 7) will be dismissed without prejudice.

Date: March 26, 2010    /s/ Joseph G. Scoville
                        United States Magistrate Judge