UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——

| | | |
|---|---|---|
| VESTER MILLS, # 208720, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-249 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| PATRICIA CARUSO, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.  The

matter is before the court on defendant Patricia Caruso's Motion to Quash (docket # 39) and a series

of motions by plaintiff:

- • Motion to Show Cause why Plaintiff was Unable to Achieve Service, Request for Expenses Incurred in Making Service and Request for Discovery of the Home Address of defendant Acker (docket # 42);

- • "Motion to Amend/Correct" (docket # 44);

- • Motion for Discovery and for Leave to File a Second Amended Complaint (docket # 51);

- • Motion to Strike (docket # 53);

- • Motion for a Stay of Proceedings (docket # 56); and

- • Motion for a Protective Order and/or a Restraining Order (docket # 58).

For the reasons set forth herein, defendant's motion will be dismissed without prejudice and

plaintiff's motions will be denied.  Further, the defective summonses will be quashed *sua sponte*.

In an accompanying report and recommendation, I have recommended that all plaintiff's claims against defendant Caruso be dismissed under 28 U.S.C. § 1915A(b) and that plaintiff's claims against all other defendants be dismissed for failure to achieve service.

1.     **Motions Related to Summonses and Service of Process**

A.

On January 27, 2011, Defendant Caruso filed a motion to quash summonses against other defendants.  (docket # 39).  Caruso's motion will be dismissed without prejudice because her motion did not establish her standing to object to the attempted service on other defendants.  The deficiencies in the summonses at issue are patent under Rule 4(a) of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 4(a)(F), (G).  The defective summons will be quashed by the court *sua sponte*.  The service plaintiff belatedly attempted by certified mail without restricting delivery to the addressee is not a valid method of service of process.  *See* FED. R. CIV. P 4(e); *see also* MICH. CT. R. 2.105(A)(2); *see Dortch v. First Fid. Mort. Co. of Mich., Inc.*, 8 F. App'x 542, 546 (6th Cir. 2001); *Carney v. Johnson*, No. 1:09-cv-598, 2010 WL 2736882, at * 1 (W.D. Mich. June 14, 2010). I have recommended that all plaintiff's claims against these defendant be dismissed for failure to achieve service of process on or before the January 19, 2011 deadline set by the court's December 20, 2010 order.  (docket # 35).

B.

On February 1, 2011, plaintiff filed a motion captioned as follows:

MOTION TO SHOW CAUSE AS TO WHY PLAINTIFF WAS UNABLE TO ACHIEVE SERVICE OF PROCESS WITHIN THE TIME LIMITS SET BY THE COURT; REQUEST

FOR EXPENSES INCURRED IN MAKING SERVICE; and, REQUEST FOR DISCOVER[Y] OF DEFENDANT ACKER'S ADDRESS

(docket # 42).  Plaintiff blames Attorneys Carl Marlinga and Michelle Theresa Aaron for his failure to achieve service of process by the January 19, 2011 deadline.  Attorney Marlinga last represented plaintiff in this matter on September 1, 2010.  (9/1/10 Order Granting Motion to Withdraw, docket # 29).  Attorney Aaron has never represented plaintiff in this matter.  Four days before the January 19, 2011 deadline, a Ms. Herrell sent copies of plaintiff's first amended complaint and the summons plaintiff had manufactured (lacking the necessary seal of the court) to the MDOC Director's office without restricting delivery.  (*Id.* at ¶ 11).  This exercise in brinksmanship was plaintiff's fault, not the fault of his former counsel.  On January 24, 2011, well after the deadline for service had passed, Ms. Herrell made a second and equally ineffectual attempt at service by certified mail without restricting delivery to the addressee.  (*Id.* at ¶ 13).  Plaintiff has not shown good cause for his failure to achieve service of process.  He did not obtain leave to proceed *in forma pauperis*, so he is responsible for service of process and for his own costs.  There is no basis for ordering anyone to provide plaintiff with Ms. Acker's address at this late date.  Plaintiff's motion will be denied.

C.

Plaintiff's February 7, 2011 response to defendant Caruso's motion to quash was docketed as a "Motion to amend/correct."  (docket # 44).  Plaintiff "acknowledges the error made in not having the summons signed and sealed by the Clerk of the Court . . . ."  (*Id.* ¶ 6).  He asks the court to treat his first amended complaint as if it had been properly served on the defendants.  The court cannot indulge in such a fiction.  In the absence of proper service of process, or waiver of

-3-

service by the defendant, "a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  No defendant has agreed to waive service of process.  Plaintiff's motion will be denied.

D.

On February 24, 2011, plaintiff filed a reply brief (docketed as a motion to strike) (docket # 53) in which he withdrew his request for the costs he had incurred in attempting to achieve service of process.  (*Id.* at ID # 418).  Plaintiff has not established entitlement to any other relief requested in docket # 53.  His  motion will be denied.

## 2. <u>Motion for Leave to File Second Amended Complaint</u>

On February 17, 2011, plaintiff filed a motion for leave to file a second amended complaint and to compel discovery of the addresses of the twenty-four individuals he listed in the caption of his proposed second amended complaint.  Plaintiff's motion to compel was premature. He has never been granted leave to file a second amended complaint.

Plaintiff seeks leave of court to file a 40-page second amended complaint adding no fewer than sixteen new defendants.  FED. R. CIV. P. 15(a)(2).  Leave to amend is to be "freely given when justice so requires."  *Id.*; *see Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010).  "A motion to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).  Among other things, plaintiff's motion states that he is seeking leave to add doctors as defendants because they conspired to fabricate medical reports which caused his mental health to be called into question.  (Plf. Brief at 7-8, docket

-4-

# 52).  These events allegedly occurred sometime between March 2009 and February 2011.  (See Proposed Amended Complaint at ¶ 92(B), ID # 413).  Allowing the proposed amendment would be extremely prejudicial to defendant Caruso and would unnecessarily delay and unnecessarily complicate this lawsuit.  Plaintiff's motion for leave to file a second amended complaint will be denied.  Plaintiff is free to initiate a new lawsuit raising these claims.

### 3.      Motion for a Stay of Proceedings

On April 14, 2011, plaintiff filed a motion for stay of proceedings (docket # 56) in which he sought a 60-day stay to allow him time to prepare a third amended complaint based on events allegedly occurring between March 8, 2011 and April 7, 2011.  (*Id.* at ¶¶ 13-34, ID #s 440-46).  Plaintiff has never been granted leave to file a second amended complaint, much less a third one.  In any event, his requested extension has long since passed.  The motion will be denied.

### 4.      Motion for a Protective Order

On June 8, 2011, plaintiff filed 32-page document captioned as a motion for a protective order and/or motion for a restraining order.  (docket # 58).  Plaintiff is serving a life sentence in the custody of the Michigan Department of Corrections (MDOC).  His motion describes various recent events such as the confiscation of tweezers that had been sharpened into a point.  (*Id.* at 473).  Plaintiff asks for prior judicial review of any proposed action by the MDOC and/or its agents involving plaintiff.  (docket # 58 at ID # 478).  The extraordinary relief plaintiff seeks must be denied.  The MDOC, not this court, runs Michigan's prisons.

**<u>Conclusion</u>**

For the reasons set forth herein, defendant Caruso's motion (docket # 39) will be dismissed without prejudice and plaintiff's motions (docket #s 42, 44, 51, 53, 56, 58) will be denied. The court will *sua sponte* quash the defective summonses.


Dated:   September 30, 2011          /s/  Joseph G. Scoville_____
                                     United States Magistrate Judge