UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| VESTER MILLS, # 208720, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09-cv-249 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PATRICIA CARUSO, et al., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| _____) | |

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. When the complaint was filed, plaintiff was represented by counsel, and he paid the applicable filing fee rather than seeking leave to proceed *in forma pauperis*. On September 1, 2010, the court entered an order granting plaintiff's attorney's motion to withdraw from the representation (docket # 29), and plaintiff has been proceeding *pro se* since that date. Patricia Caruso, former[1] Director of the Michigan Department of Corrections, is the only defendant who has been served with process and filed an appearance. Plaintiff's deadline for achieving service of his first amended complaint on all other defendants expired on June 4, 2010. On December 20, 2010, the court entered an order (docket # 35) granting plaintiff an extension of 30 days to achieve service. *See* FED. R. CIV. P. 4(m). The extension expired on January 19, 2011, and plaintiff has never achieved service on any defendant other than Caruso.

---

[1] Director Caruso retired on January 1, 2011.

1.      **Deficient Summons and Service of Process**

In the absence of proper service of process, or waiver of service by the defendant, "a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Plaintiff never obtained summonses from the court as required under Rule 4(a) of the Federal Rules of Civil Procedure. Instead, he produced his own summonses.  The homemade summonses were patently deficient because they were not signed by the Clerk and did not bear the court's seal.  *See* FED. R. CIV. P. 4(a)(F), (G).  Plaintiff's attempts at service of the summonses were equally deficient.  The summonses were sent to individuals named in the amended complaint without restricting the delivery by certified mail to those named individuals.  As a result, none of the certified mail receipts filed with the court were signed for by a defendant named in plaintiff's first amended complaint. (docket # 37 at ID #s 225-26; docket # 49 at ID # 351; docket # 50 at ID #s 353-55).  Plaintiff's belated attempt at service of process was deficient.  Service by certified mail is not among the methods permitted by Rule 4(e)(2).  Rule 4(e)(1) permits service in a manner permitted by state law, but Michigan law only allows service of process by certified mail when the delivery is "restricted to the addressee."  MICH. CT. R. 2.105(A)(2); *see Dortch v. First Fid. Mort. Co. of Mich., Inc.*, 8 F. App'x 542, 546 (6th Cir. 2001); *Carney v. Johnson*, No. 1:09-cv-598, 2010 WL 2736882, at * 1 (W.D. Mich. June 14, 2010).  Thus, this court has never obtained jurisdiction over any defendant other than defendant Caruso.  I recommend that all plaintiff's claims against all defendants other than defendant Caruso be dismissed for failure to achieve service of process.

2. **Claim Against Defendant Caruso**

Section 1915A authorizes this court to dismiss a civil action against a governmental officer if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). This authority is independent from the duty to screen complaints filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2). Plaintiff's first amended complaint fails to state a claim against defendant Caruso.

Plaintiff alleges that Patricia Caruso is the Director of the Michigan Department of Corrections. (*Id.* at ¶ 2). He states that Caruso's subordinates conspired and retaliated against him. (*Id.* at ¶ 4). Liability of supervisory officers under 42 U.S.C. § 1983 cannot be based upon a *respondeat superior* theory. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Plaintiff alleges no specific facts against Caruso, other than her position as MDOC's director. Instead, plaintiff offers the following conclusions:

> 6. Defendant Patricia L. Caruso, as Director of the Michigan Department of Corrections has authorized and permitted these retaliatory actions to be inflicted upon plaintiff. Either defendant Patricia L. Caruso has joined this conspiracy or she is deliberately indifferent to the actions taken in furtherance of the conspiracy. In either event, her actions are responsible for the harm and damages suffered by plaintiff.
>
> * * *
>
> 8. The actions of defendant Patricia L. Caruso in authorizing the overt acts committed upon plaintiff are also in violation of these same civil rights of plaintiff either as a result of defendant Caruso joining the conspiracy or as a result of her being deliberately indifferent to the overt acts committed upon plaintiff. As a result plaintiff is entitled to damages against defendant Caruso pursuant to 42 United States Code, section 1983.

(Am. Compl. ¶¶ 6, 8). Plaintiff's vague and conclusory allegations of a "conspiracy" among defendants to violate his civil rights fail to state a claim upon which relief can be granted. *See*

*Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534, 1358-39 (6th Cir. 1987). Plaintiff's first amended complaint fails to allege facts establishing a plausible claim against defendant Caruso. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009*)*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

## Recommended Disposition

For the foregoing reasons, I recommend that all plaintiff's claims against defendant Caruso be dismissed under 28 U.S.C. § 1915A(b). I further recommend that plaintiff's claims against all other defendants be dismissed without prejudice for failure to achieve service of process.

Dated:   September 30, 2011          /s/  Joseph G. Scoville
                                     United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).